Filed 1/15/15  P. v. Rabbitt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073974 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF11692) |
| v. | |
| THOMAS CECIL RABBITT II, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 16, 2011, defendant Thomas Cecil Rabbitt possessed 3 grams of methamphetamine for personal use.  (Health & Saf. Code, § 11377, subd. (a).)  He pleaded no contest to this charge.  As part of the negotiated plea, the trial court ordered

1

defendant to complete a rehabilitation program within six months. The parties agreed if defendant left the program or the program discharged him, he would be sentenced to the upper term of three years in state prison.[1]

Defendant's treatment programming was interrupted twice due to serving time for parole violations. After serving that time and being released in September 2012, defendant received continuances in October and November to allow him to enroll in another program. In November he again had to serve time for a parole violation. The matter was continued to December 2012 and defendant appeared in court as required. He indicated his confinement for the parole violation was completed and he was attempting to locate a residential treatment program. Defendant failed to appear in court at the next review hearing in February 2012. He was in custody and appeared on April 15, 2013. The matter was set for sentencing on May 13, 2013.

At sentencing the trial court imposed the previously stipulated sentence of three years in prison, awarded defendant 340 days of presentence custody credit, and ordered him to pay a $720 restitution fine (Pen. Code, § 1202.4); a $720 parole revocation restitution fine suspended unless parole is revoked (Pen. Code, § 1202.45); a $200 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5); a $600 drug program fee (Health & Saf. Code, § 11372.7); a $40 court security fee (Pen. Code, § 1465.8, subd. (a)(1)); and a $30 court facilities assessment (Gov. Code, § 70373).

Defendant appeals. He did not obtain a certificate of probable cause.

### *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal.

---

[1] Defendant is a registered sex offender and not eligible for sentencing under Penal Code section 1170, subdivision (h). (Pen. Code, § 1170, subd. (h)(3).)

2

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

      MURRAY     , J.

We concur:

     RAYE     , P. J.

     MAURO     , J.